# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| JOSEPH JACKSON d/b/a J&D BUILDERS, Individually and as the representative of a class of similarly-situated persons,<br><br>         Plaintiff,<br><br>       v.<br><br>RELIANT SERVICES GROUP, LLC d/b/a RELIANT FUNDING; ET AL.,<br><br>         Defendants. | No. 15-cv-3224<br><br>Judge Samuel Der-Yeghiayan |

---

## DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR MOTION TO DISMISS THE CLASS ACTION COMPLAINT PURSUANT TO RULES 8 & 12(b)(6)

---

Justin O. Kay
Bradley J. Andreozzi
Emily T. Broach
**DRINKER BIDDLE & REATH LLP**
191 North Wacker Drive, Suite 3700
Chicago, IL 60606-1698
Tel: (312) 569-1000
Fax: (312) 569-3000

      *Counsel for Defendants Reliant Services Group and Adam Stettner*

November 18, 2015

# TABLE OF CONTENTS

                                                                         **Page**

SUMMARY OF THE COMPLAINT ................................................................................................1

ARGUMENT ...................................................................................................................................3

I.     PLAINTIFF'S CLAIMS AGAINST ADAM STETTNER SHOULD BE DISMISSED BECAUSE THEY ARE BASED SOLELY ON ADAM STETTNER'S STATUS AS PRESIDENT AND CEO OF RELIANT .............................3

II.    PLAINTIFF'S CLAIMS AGAINST RELIANT AND ADAM STETTNER SHOULD BE DISMISSED BECAUSE PLAINTIFF FAILS TO PLEAD FACTS SHOWING THAT THE FAX HE RECEIVED WAS UNSOLICITED............................7

III.   PLAINTIFF'S ICFA CLAIMS AGAINST RELIANT AND ADAM STETTNER SHOULD BE DISMISSED BECAUSE PLAINTIFF FAILS TO SHOW THAT THE ALLEGED FAX HE RECEIVED WAS THE RESULT OF AN UNFAIR PRACTICE .....................................................................................................................9

IV.   PLAINTIFF'S CONVERSION CLAIMS AGAINST RELIANT AND ADAM STETTNER SHOULD BE DISMISSED BECAUSE THE COMPLAINT ALLEGES NOTHING MORE THAN A *DE MINIMIS* INJURY .................................14

CONCLUSION..............................................................................................................................15

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Atkins v. Chicago*,
 631 F.3d 823 (7th Cir. 2011) ...................................................................................................7

*Bell Atl. Corp. v. Twombly*,
 550 U.S. 544 (2007) ..............................................................................................................7, 8

*Brodsky v. HumanaDental Ins. Co.*,
 No. 10cv3233, 2011 U.S. Dist. LEXIS 12121 (N.D. Ill. Feb. 8, 2011) .................................15

*CE Design, Ltd. v. Prism Bus. Media, Inc.*,
 606 F.3d 443 (7th Cir. 2010) ...................................................................................................7

*Centerline Equip. Corp. v. Banner Pers. Serv., Inc.*,
 545 F. Supp. 2d 768 (N.D. Ill. 2008)......................................................................................15

*Chapman v. Wagener Equities, Inc.*,
 No. 09cv7299, 2014 U.S. Dist. LEXIS 16866 (N.D. Ill. Feb. 11, 2014) ........................*passim*

*G.M. Sign, Inc. v. Elm St. Chiropractic Ltd.*,
 871 F. Supp. 2d 763 (N.D. Ill. 2012)..............................................................................*passim*

*G.M. Sign, Inc. v. Stergo*,
 681 F. Supp. 2d 929 (N.D. Ill. 2009)..............................................................................*passim*

*G. Neil Garrett, D.D.S., P.C. v. New Albertson's, Inc.*,
 No. 13cv7965, 2014 U.S. Dist. LEXIS 71743 (N.D. Ill. May 27, 2014)......................... 12, 15

*Garrett v. Rangle Dental Lab.*,
 No. 10cv1315, 2010 U.S. Dist. LEXIS 78175 (N.D. Ill. Aug. 3, 2010) .......................... 12, 15

*Hanley v. Green Tree Servicing, LLC*,
 934 F. Supp. 2d 977 (N.D. Ill. 2013)........................................................................................8

*Johansen v. Vivant, Inc.*,
 No. 12cv7159, 2012 U.S. Dist. LEXIS 178558 (N.D. Ill. Dec. 18, 2012)...............................8

*Jordan v. Kirk*,
 No. 11cv5244, 2011 U.S. Dist. LEXIS 115411 (N.D. Ill. Sept. 30, 2011) ............................14

*Mais v. Gulf Coast Collection Bureau, Inc.*,
 No. 11cv61936, 2013 U.S. Dist. LEXIS 43485 (S.D. Fla. March 27, 2013) ...........................5

*Martin v. Direct Wines, Inc.*,
 No. 15cv757, 2015 U.S. Dist. LEXIS 89015 (N.D. Ill. July 9, 2015) .....................................8

*Mitchell v. JCG Indus., Inc.*,
    745 F.3d 837 (7th Cir. 2014) ............................................................................... 14, 15

*Mussat v. Power Liens, LLC*,
    No. 13cv7853, 2014 U.S. Dist. LEXIS 98831 (N.D. Ill. July 21, 2014) ..........................11-12

*N. Trust Co. v. Peters*,
    69 F.3d 123 (7th Cir. 1995) .......................................................................................7

*Old Town Pizza of Lombard, Inc. v. Corfu-Tasty Gyro's, Inc.*,
    No. 11cv6959, 2012 U.S. Dist. LEXIS 24396 (N.D. Ill. Feb. 23, 2012) .............. 11, 12-13, 15

*Physicians Healthsource, Inc. v. Doctor Diabetic Supply LLC*,
    No. 12cv22330, 2015 U.S. Dist. LEXIS 75190 (S.D. Fla. June 10, 2015) .............................4

*Quality Mgmt. & Consulting Servs. v. SAR Orland Food Inc.*,
    No. 11cv6791, 2012 U.S. Dist. LEXIS 82794 (N.D. Ill. June 11, 2012) ........................ 11, 15

*Savanna Grp., Inc. v. Trynex, Inc.*,
    No. 10cv7995, 2013 U.S. Dist. LEXIS 125090 (N.D. Ill. Sept. 3, 2013) ...............................4

*Stonecrafters, Inc. v. Foxfire Printing & Packaging, Inc.*,
    633 F. Supp. 2d 610 (N.D. Ill. 2009) ..................................................................*passim*

*Urban Elevator Serv., LLC v. Stryker Lubricate Distribs.*,
    No. 15cv2128, 2015 U.S. Dist. LEXIS 149682 (N.D. Ill. Nov. 4, 2015) .....................*passim*

*W. Ry. Devices Corp. v. Lusida Rubber Prods, Inc.*,
    No 06cv0052, 2006 U.S. Dist. LEXIS 43867 (N.D. Ill. June 13, 2006) .............................12

*Wilson v. Harris, N.A.*,
    No. 06cv5840, 2007 U.S. Dist. LEXIS 65345 (N.D. Ill. Sept. 4, 2007) .............................12

*Wis. Dep't of Revenue v. William Wrigley, Jr. Co.*,
    505 U.S. 214 (1992) ...............................................................................................14

*Worst v. City of Chicago*,
    No. 10cv6538, 2011 U.S. Dist. LEXIS 84889 (N.D. Ill. Aug. 2, 2011) ........................ 7, 8, 9

**STATUTES, RULES & REGULATIONS**

Fed. R. Civ. P. 8(a)(2) ........................................................................................................7

47 C.F.R. 64.1200(a)(4) .....................................................................................................7

**OTHER AUTHORITIES**

*In re Rules and Regs. Implementing the Tel. Consumer Protection Act of 1991 et al.*,
    CG Docket Nos. 02-278 & 05-338, FCC 15-976 (Aug. 28, 2015) .......................................7

Defendants Reliant Services Group, LLC d/b/a Reliant Funding ("Reliant") and Adam Stettner submit this memorandum in support of their Motion to Dismiss the Amended Complaint ("Am. Cmplt.") of Plaintiff Joseph Jackson d/b/a J&D Builders ("Plaintiff") pursuant to Federal Rules of Civil Procedure 8 and 12(b)(6). First, Plaintiff's claims against Adam Stettner are barred because Plaintiff alleges no more than that Adam Stettner is the President and CEO of Reliant, which is not enough to state a separate claim against an officer or employee of a corporate entity based on the conduct of that entity. Second, Plaintiff's claims against Reliant and Adam Stettner should be dismissed because they are premised on a conclusory assertion—unsupported by factual allegations—that the fax in this case was "unsolicited." Third, Plaintiff's claims for violations of the Illinois Consumer Fraud and Deceptive Business Practices Act and for conversion against both Reliant and Adam Stettner should be dismissed because the conduct alleged is not "immoral, unethical, oppressive, or unscrupulous" and could not plausibly have caused "substantial injury," but rather is so miniscule that the doctrine *de minimis non curat lex* applies.

## SUMMARY OF THE COMPLAINT

Plaintiff is an individual doing business as a sole proprietorship located in Lake County, Illinois. Am. Cmplt. ¶ 9. Plaintiff asserts that Reliant is a loan provider in the business of lending capital to small businesses (such as Plaintiff's), that Adam Stettner is the President and CEO of Reliant, and that on March 10, 2015, Plaintiff received "an unsolicited advertisement by fax promoting Defendants' products." *Id.* ¶¶ 16-17, 20. Plaintiff attaches to the Amended Complaint a copy of the allegedly unsolicited fax. *See* Am. Cmplt. Ex. A. Adam Stettner's name appears nowhere on that Exhibit, and Plaintiff nowhere alleges that Adam Stettner personally approved, authorized or participated in sending it or any other fax. *See id.* Rather, the only allegation regarding Adam Stettner is that "[u]pon information and belief, Defendant

Stettner, *as* President and CEO of Reliant Funding, approved, authorized and participated in the scheme to broadcast advertisements by facsimile." Am. Cmplt. ¶ 20 (emphasis added).

While Plaintiff claims that he "did not invite or give permission to anyone" to send him the fax and never conducted business with Defendants (*id.* ¶¶ 21, 24), the Exhibit is addressed to Plaintiff from Chris Stout at Reliant, specifies Plaintiff's account number, and states "[y]ou spoke with me about other working capital uses you have, and the programs you qualify for." Am. Cmplt. Ex. A. Plaintiff does *not* allege that the fax is inaccurate (i.e., that he did not speak to representatives of Reliant on numerous occasions throughout 2014 and 2015 prior to receiving the fax) and does *not* allege that he did not voluntarily provide his contact information and fax number directly to Reliant after he called Reliant inquiring about its services.

Plaintiff also asserts several reasons why the opt-out notice is deficient. Am. Cmplt. ¶¶ 22-23. However, the Exhibit Plaintiff attaches to the complaint plainly contradicts many of them: it shows that the opt-out notice is set apart from the text of the fax by a horizontal line, provides a toll free contact number (not an email address), and states in a font different from the body of the message "[i]f you do not wish to receive faxes from the sender, contact our Fax Removal Service Number (877) 894-2817 to be removed from future faxes." Am. Cmplt. Ex. A.

Based on the foregoing, Plaintiff asserts a claim against Defendants Reliant and Adam Stettner for alleged violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* (the "TCPA") on the basis that the fax was an unsolicited advertisement, that "Plaintiff and the other Class members did not have an established business relationship with Defendants," and that the fax did not include the required opt-out notice. Am. Cmplt. ¶¶ 44, 45, 52. Plaintiff claims that "Defendants are liable to Plaintiff and the other Class members under the TCPA for not including an opt-out notice even if Defendants ultimately prove that they obtained prior

express permission to send the advertisements by fax or prove that Defendants had an established business relationship with Plaintiff and the other Class members." *Id.* ¶ 50. Based on these same underlying facts, Plaintiff also asserts claims against Reliant and Adam Stettner for alleged violations of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1 *et seq.* ("ICFA"), and for conversion under Illinois law. Am. Cmplt. ¶¶ 55-68.

Plaintiff purports to pursue his three claims on behalf of a class of "[a]ll persons who were sent one or more telephone facsimile messages on or after four years prior to the filing of this action, that advertised the commercial availability of property, goods, or services offered by Reliant Funding, that did not contain an opt-out notice that complied with federal law." *Id.* ¶ 26. He asserts "[o]n information and belief" that the class exceeds thirty-nine people." *Id.* ¶ 29.

Plaintiff claims that he and his purported class were damaged by the receipt of the fax in the form of "paper and toner consumed in the printing of Defendants' faxes," and because "the subject faxes used Plaintiff's and the Class's fax machines," "cost Plaintiff time," and "unlawfully interrupted Plaintiff's and the other class members' privacy interests in being left alone." *Id.* ¶ 53; *see also id.* ¶¶ 61, 68. Plaintiff seeks statutory damages of $500-$1500 per violation under the TCPA, actual and punitive damages, an injunction, and costs and attorneys' fees. *Id.* ¶¶ 54, 62, 68.

## **ARGUMENT**

**I. PLAINTIFF'S CLAIMS AGAINST ADAM STETTNER SHOULD BE DISMISSED BECAUSE THEY ARE BASED SOLELY ON ADAM STETTNER'S STATUS AS PRESIDENT AND CEO OF RELIANT.**

A plaintiff cannot state a claim seeking to hold an officer or employee of a corporation personally liable for alleged TCPA violations by the corporation unless the plaintiff adequately pleads that the officer or employee "had 'direct, personal participation in or personally authorized the conduct found to have violated the statute.'" *Chapman v. Wagener Equities, Inc.*,

No. 09cv7299, 2014 U.S. Dist. LEXIS 16866, at *62 (N.D. Ill. Feb. 11, 2014) (citation omitted) (Appendix of Unpublished Authority ("App'x") No. 1). Thus, while a plaintiff need not plead that an officer or employee "personally hit the 'send' button on a fax machine" to adequately state a claim, he must do more than allege that the officer is personally liable solely because of his status as an officer or employee because "[i]t is of course the case that officers or employees are generally not liable for statutory violations based solely on their employment status." *Id.* at *62, *65; *Physicians Healthsource, Inc. v. Doctor Diabetic Supply LLC*, No. 12cv22330, 2015 U.S. Dist. LEXIS 75190, at *9 (S.D. Fla. June 10, 2015) (App'x No. 2) ("[I]n every known case holding a corporate officer personally liable under the TCPA, the officer had either directly committed or knowingly authorized the corporation's wrongful acts."). "Indeed, premising [the defendant's] liability solely on his status [as an officer] would run afoul of the principle that a corporate officer may not be liable for corporate acts based purely on his or her status in the corporation." *Savanna Grp., Inc. v. Trynex, Inc.*, No. 10cv7995, 2013 U.S. Dist. LEXIS 125090, at *23 (N.D. Ill. Sept. 3, 2013) (App'x No. 3) (granting summary judgment in favor of officer named personally in TCPA suit). Plaintiff's claims here against Adam Stettner are based ***entirely*** on his status as the President and CEO of Reliant.

Plaintiff's Amended Complaint includes a single allegation directed against Adam Stettner: "Upon information and belief, Defendant Stettner, ***as*** President and CEO of Reliant Funding, approved, authorized and participated in the scheme to broadcast advertisements by facsimile." Am. Cmplt. ¶ 20 (emphasis added). Plaintiff's qualification of his allegation using the phrases "[u]pon information and belief" and "***as*** President and CEO of Reliant Funding" makes clear that Plaintiff is ***not*** alleging that Adam Stettner personally "approved, authorized and participated in the scheme to broadcast advertisements by facsimile," but rather that solely

-4-

by virtue of his status *as* President and CEO of Reliant, Adam Stettner would have **been in the position** to "approve[], authorize[] and participate[] in the scheme to broadcast advertisements by facsimile." *Id.* That is an allegation that Adam Stettner is liable simply by virtue of his status at Reliant, and therefore insufficient to state a claim against him.

Plaintiff's allegations against Adam Stettner are also insufficient to state a claim against him because those allegations are entirely conclusory. As noted above, the only allegation made against Adam Stettner is that "[u]pon information and belief, Defendant Stettner, as President and CEO of Reliant Funding, approved, authorized and participated in the scheme to broadcast advertisements by facsimile." *Id.* Courts have found such conclusory allegations insufficient under Rule 8 to maintain a TCPA claim against an officer/employee. *See, e.g.*, *Mais v. Gulf Coast Collection Bureau, Inc.*, No. 11cv61936, 2013 U.S. Dist. LEXIS 43485, at *7, *8-9 (S.D. Fla. March 27, 2013) (App'x No. 4) (finding insufficient under Rule 8 plaintiff's "scant factual allegations" that the individual defendant was the "vice president" of defendant and "control[led] the policies and practices of [Gulf Coast] regarding the TCPA and [who] authorized those policies and practices complained of herein") (alterations in original). Where courts have permitted such a claim to go forward, the plaintiff has been required to plead **how** the officer/employee "approved, authorized and participated" in the sending of the facsimiles.

For example, in *Chapman*,[1] (as here) the plaintiff alleged that the defendant officer/employee "approved, authorized and participated in the scheme to broadcast advertisements by facsimiles." 2014 U.S. Dist. LEXIS 16866, at *63 (App'x No. 1). But unlike here, the plaintiff in *Chapman* also alleged that the defendant officer/employee did so "***by***": "directing a list to be purchased or assembled;" "directing and supervising employees or third parties to send the advertisements;" "creating and approving the form of advertisements to be

---

[1] In *Chapman*, the plaintiff was represented by the same counsel as represent Plaintiff here.

sent;" "determining the number and frequency of the facsimile transmissions;" and "approving or paying the employees or third parties to send the advertisements by facsimile transmission." *Id.* at *63-64 (emphasis added).

Here there are no such allegations in the Amended Complaint. Rather, Plaintiff expressly ***removed*** from the Amended Complaint all of his allegations regarding ***how*** Adam Stettner allegedly "approved, authorized and participated" in the allegedly unlawful sending of faxes, ***deleting*** the allegation that Adam Stettner did so "by directing a list to be purchased or assembled;" ***deleting*** the allegation that he did so "by directing and supervising employees or third parties to send the advertisements by fax;" ***deleting*** the allegation that he did so by "creating and approving the form of advertisements to be sent;" ***deleting*** the allegation that he did so "by determining the number and frequency of the facsimile transmissions;" and ***deleting*** the allegation that he did so "by approving or paying the employees or third parties to send the advertisements by facsimile transmission." *Compare* Cmplt. ¶¶ 20-25 (ECF No. 1), *with* Am. Cmplt. ¶¶ 20-21 (ECF No. 3). Indeed, the allegations that Plaintiff deleted from his Amended Complaint in this case are the ***exact same*** allegations upon which the court in *Chapman* relied in permitting the claims to go forward in that case against the defendant officer/employee.

Clearly, Plaintiff has no factual basis for holding Adam Stettner personally liable for the alleged acts of the corporate defendant, a point that Plaintiff all but conceded when he amended his complaint to remove all allegations of Mr. Stettner's personal involvement. Plaintiff therefore has not stated a claim against Adam Stettner under the TCPA, under IFCA, or for conversion, and all three claims should be dismissed. *See Chapman*, 2014 U.S. Dist. LEXIS 16866, at *66 (App'x No. 1) (holding that determining the personal liability of a corporate officer for ICFA and conversion claims "follows the same logic" as for a TCPA claim).

## II. PLAINTIFF'S CLAIMS AGAINST RELIANT AND ADAM STETTNER SHOULD BE DISMISSED BECAUSE PLAINTIFF FAILS TO PLEAD FACTS SHOWING THAT THE FAX HE RECEIVED WAS UNSOLICITED.

To state a claim under the TCPA, a plaintiff must allege that the fax he received was an "advertisement" and that it was "unsolicited." *See* 47 C.F.R. 64.1200(a)(4).[2] To satisfy Rule 8, those allegations must be more than a simple assertion of entitlement to relief; the complaint must include "a short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). To make that "showing," a complaint must allege "'sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Worst v. City of Chicago*, No. 10cv6538, 2011 U.S. Dist. LEXIS 84889, at *6 (N.D. Ill. Aug. 2, 2011) (Der-Yeghiayan, J.) (App'x No. 5) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). While a plaintiff need not plead all of the evidence supporting his claim, he must plead facts that "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In assessing whether a complaint has done so, the Court should disregard "mere unsupported conclusions of fact or mixed fact and law" and "their unwarranted inferences," and should consider whether the complaint "has enough substance to warrant putting the defendant to the expense of discovery." *N. Trust Co. v. Peters*, 69 F.3d 123, 129 (7th Cir. 1995); *Atkins v. Chicago*, 631 F.3d 823, 832 (7th Cir. 2011). Rigorous enforcement of Rule 8 is essential, lest a plaintiff "with a largely groundless claim be allowed to take up the time of a

---

[2] Plaintiff asserts in his Amended Complaint that Reliant and Adam Stettner also violated the TCPA by failing to include an opt-out notice on the fax, and are liable for that omission "even if Defendants ultimately prove that they obtained prior express permission to send the advertisements by fax." Am. Cmplt. ¶ 50. Plaintiff is wrong: on August 28, 2015, the FCC ruled that Reliant was ***not*** required to include opt-out notices on ***solicited*** faxes. *See In re Rules and Regs. Implementing the Tel. Consumer Protection Act of 1991 et al.*, CG Docket Nos. 02-278 & 05-338, FCC 15-976 ¶¶ 1 & n.2, 24 (Aug. 28, 2015) (attached as Exhibit A). Pursuant to the Hobbs Act (known formally as the "Administrative Orders Review Act" (*see* 28 U.S.C. § 2342(1); 47 U.S.C. § 402(a)), that order is binding on this Court. *See CE Design, Ltd. v. Prism Bus. Media, Inc.*, 606 F.3d 443, 446 n.3, 450 (7th Cir. 2010) (noting that the Hobbs Act "prevents the district court from considering the validity of final FCC orders" and instead vests that power "exclusively in the courts of appeals"). This Court should therefore dismiss Plaintiff's claims to the extent they are premised on the lack of an opt-out notice on a solicited fax.

number of other people, with the right to do so representing an *in terrorem* increment of the settlement value." *Twombly*, 550 U.S. at 557-58 (alteration and internal quotations omitted).

Plaintiff's allegations here do not satisfy that requirement because Plaintiff does not plead any *facts*, but rather simply asserts the legal conclusion that he "did not invite or give permission to anyone to send [the fax]." Am. Cmplt. ¶ 21. In other words, plaintiff "merely states what he understands the TCPA to proscribe, and then goes on to plead threadbare and conclusory facts that allege the elements of a *prima facie* cause of action under the [TCPA]." *Hanley v. Green Tree Servicing, LLC*, 934 F. Supp. 2d 977, 983 (N.D. Ill. 2013). But "[i]t is insufficient for [a] plaintiff to simply parrot the language of the TCPA and conclusorily allege [one of the elements of a claim]." *Martin v. Direct Wines, Inc.*, No. 15cv757, 2015 U.S. Dist. LEXIS 89015, at *4 (N.D. Ill. July 9, 2015) (App'x No. 6) (dismissing call-based TCPA claim); *see also Johansen v. Vivant, Inc.*, No. 12cv7159, 2012 U.S. Dist. LEXIS 178558, at *9 (N.D. Ill. Dec. 18, 2012) (App'x No. 7) ("[W]hen a fact is itself an element of the claim, as is the case here, it is not sufficient to recite that fact verbatim without other supporting details.") (granting defendant's motion to dismiss). Rather, Plaintiff must allege something about "the circumstances of the [fax]" that would lead to the plausible inference that it was unsolicited. *See Martin*, 2015 U.S. Dist. LEXIS 89015, at *5 (App'x No. 6) (listing facts plaintiff could have alleged to support conclusory assertion of TCPA violation).

This Court's ruling in *Worst* is particularly instructive. In that case, the plaintiffs asserted claims for (among other things) an illegal search and seizure on the basis that the plaintiff "gave permission to [the detectives] to enter the warehouse, but only under duress." 2011 U.S. Dist. LEXIS 84889, at *4 (App'x No. 5). In granting the defendant's 12(b)(6) motion to dismiss, this Court invoked *Twombly* and *Iqbal* and held that "[a]lthough [p]laintiffs allege in a conclusory

fashion that the permission was given under duress, [p]laintiffs have not alleged allegations to plausibly suggest duress." *Id.* at *7.

Here, the only "circumstances" that are alleged regarding the fax are included on the fax itself, which is addressed to Plaintiff, specifies Plaintiff's account number, and states "[y]ou spoke with me about other working capital uses you have, and the programs you qualify for." Am. Cmplt. Ex. A. Plaintiff does ***not*** allege that he did not speak to representatives of Reliant, and does ***not*** allege that he did not voluntarily provide his contact information and fax number directly to Reliant after he called Reliant inquiring about its services—nor could he, consistent with Rule 11. Rather, as in *Worst*, although Plaintiff alleges in a conclusory fashion that he did not consent to the fax, he has not "alleged allegations to plausibly suggest" that he did not consent to the fax. As in both *Martin* and *Worst*, Plaintiff's claims should be dismissed.

### III. PLAINTIFF'S ICFA CLAIMS AGAINST RELIANT AND ADAM STETTNER SHOULD BE DISMISSED BECAUSE PLAINTIFF FAILS TO SHOW THAT THE ALLEGED FAX HE RECEIVED WAS THE RESULT OF AN UNFAIR PRACTICE.

To state a claim under ICFA, a plaintiff must plead (among other things) that a challenged practice is "unfair." *See Stonecrafters, Inc. v. Foxfire Printing & Packaging, Inc.*, 633 F. Supp. 2d 610, 615-16 (N.D. Ill. 2009) (Kapala, J.). In determining whether a plaintiff has satisfied that requirement, Illinois courts ask whether the following factors are present: "'(1) whether the practice offends public policy; (2) whether it is immoral, unethical, oppressive, or unscrupulous; [and] (3) whether it causes substantial injury to consumers.'" *Id.* at 616 (quoting *Robinson v. Toyota Motor Credit Corp.*, 775 N.E.2d 951, 961 (2002)). While a claim need not satisfy all three criteria, courts routinely dismiss cases for failing to satisfy the latter two. *See, e.g.*, *Urban Elevator Serv., LLC v. Stryker Lubricate Distribs.*, No. 15cv2128, 2015 U.S. Dist. LEXIS 149682, at *8 (N.D. Ill. Nov. 4, 2015) (Shah, J.) (App'x No. 8) ("Because two of the

three *Robinson* factors cut strongly in [the defendant's] favor, its alleged conduct was not 'unfair' under the Illinois Consumer Fraud Act."). Such is the case here.

Plaintiff purports to satisfy all three requirements by asserting in conclusory fashion that "Defendants violated the unfairness predicate of [ICFA] by engaging in an unscrupulous business practice and by violating Illinois statutory public policy, which public policy violations in the aggregate caused substantial injury to hundreds of persons." Am. Cmplt. ¶ 66. The alleged sending (and receipt) of a fax, however, is neither "immoral, unethical, oppressive, or unscrupulous," nor could it have "cause[d] substantial injury" to the Plaintiff. Consequently, Plaintiff's ICFA claim should be dismissed.

First, the claims that Reliant and Adam Stettner engaged in an "unscrupulous business practice" are belied by Plaintiff's own allegations. "'A practice may be considered immoral, unethical, oppressive, or unscrupulous if it imposes a lack of meaningful choice or an unreasonable burden on the consumer.'" *Stonecrafters*, 633 F. Supp. 2d at 616 (quoting *W. Ry. Devices Corp. v. Lusida Rubber Prods, Inc.*, No 06cv0052, 2006 U.S. Dist. LEXIS 43867, at *4 (N.D. Ill. June 13, 2006) (Grady, J.) (App'x No. 9)). But here Plaintiff does not allege any such conduct; he merely alleges in conclusory fashion that he did not invite Defendants to send him a fax, but does not deny that he provided the fax number to Reliant voluntarily. Where (as here) the "unreasonable burden" and "lack of meaningful choice" alleged by a plaintiff are nothing more than "the loss of paper, toner, ink, use of their facsimile machines, and use of their employees' time" from a fax the plaintiff claims he did not wish to receive (Am. Cmplt. ¶ 67), the majority of courts in this district have held that the plaintiff has failed to plead an "immoral unethical, oppressive, or unscrupulous" practice.

For example, in *Stonecrafters*, the same counsel who represents Plaintiff here made the

same conclusory allegations of "unfairness" as made here, and argued that those allegations adequately stated an ICFA claim. Judge Kapala disagreed, analogizing the sending of an unsolicited fax to "taking someone else's pen and notebook without their permission and writing some notes on one sheet of paper." 633 F. Supp. 2d at 616. In holding that the plaintiff in *Stonecrafters* failed to adequately allege an "unfair practice," Judge Kapala reasoned that "[e]ven though the owner of the supplies did not have a choice in the matter, and even though the improper use depletes a small amount of ink and one piece of notebook paper, this court would be hard pressed to conclude that this conduct is immoral, unethical, oppressive, or unscrupulous." *Id.* at 616-17. Since *Stonecrafters*, nearly every court in this District to address the ***very same allegations***, brought in the ***very same TCPA-based fax context*** by the ***very same plaintiff's counsel*** who represent Plaintiff here has adopted Judge Kapala's reasoning. *See, e.g.*, *Urban Elevator*, 2015 U.S. Dist. LEXIS 149682, at *6-7 (App'x No. 8) (citing conflicting cases and holding that "I am persuaded by the courts that find these allegations to be insufficient"); *Quality Mgmt. & Consulting Servs. v. SAR Orland Food Inc.*, No. 11cv6791, 2012 U.S. Dist. LEXIS 82794, at *9-10 (N.D. Ill. June 11, 2012) (Chang, J.) (App'x No. 10) (citing conflicting cases, adopting the reasoning used in *Stonecrafters*); *G.M. Sign, Inc. v. Elm St. Chiropractic Ltd.*, 871 F. Supp. 2d 763, 770 (N.D. Ill. 2012) (Kendall, J.) (same); *Old Town Pizza of Lombard, Inc. v. Corfu-Tasty Gyro's, Inc.*, No. 11cv6959, 2012 U.S. Dist. LEXIS 24396, at *13-14 (N.D. Ill. Feb. 23, 2012) (Darrah, J.) (App'x No. 11) (following *Stonecrafters*); *G.M. Sign, Inc. v. Stergo*, 681 F. Supp. 2d 929, 934, 935-36 (N.D. Ill. 2009) (Zagel, J.) (crediting Judge Kapala's "expertise in Illinois law [that] was acquired during his tenure on both the Illinois Circuit Court and the Illinois Appellate Court," and adopting the reasoning in *Stonecrafters*). This Court should follow those more recent, better reasoned opinions.[3]

---

[3] *See also Mussat v. Power Liens, LLC*, No. 13cv7853, 2014 U.S. Dist. LEXIS 98831, at *8-10 (N.D. Ill.

-11-

Second, Plaintiff's conclusory claim that he suffered, "substantial injury" is also belied by his own allegations. "'A practice causes substantial injury to consumers if it causes significant harm to the plaintiff and has the potential to cause injury to a large number of consumers.'" *Stonecrafters*, 633 F. Supp. 2d at 617 (quoting *Wilson v. Harris, N.A.*, No. 06cv5840, 2007 U.S. Dist. LEXIS 65345, at *8 (N.D. Ill. Sept. 4, 2007) (App'x No. 15) (emphasis added)). But, as noted above, the only so-called harm Plaintiff alleges here is "the loss of paper, toner, ink, use of their facsimile machines, and use of their employees' time" (Am. Cmplt. ¶ 67), which could only have caused damages of "pennies per person." *Stergo*, 681 F. Supp. 2d at 936-37. Indeed, ***Plaintiff's counsel has previously admitted those so-called damages are not "substantial injury."*** *See Urban Elevator*, 2015 U.S. Dist. LEXIS 149682, at *7 (App'x No. 8) ("[P]laintiff acknowledges, correctly, that the one-page fax it received did not cause it 'substantial injury.'").

Plaintiff attempts to plead around this shortcoming in his allegations by arguing that the alleged violations "*in the aggregate* caused substantial injury to hundreds of persons." Am. Cmplt. ¶ 66 (emphasis added). But, "where a putative class representative has no valid claim in his own right, he cannot bring such a claim on behalf of a putative class." *Lusida*, 2006 U.S. Dist. LEXIS 43867, at *17 (App'x No. 9) (rejecting plaintiff's argument that he satisfied ICFA's "substantial injury" requirement by alleging that "the sending of the faxes inflicts substantial injury upon the proposed class as a whole"). Thus, Plaintiff cannot plead around the lack of his own substantial injury by invoking the injuries purportedly suffered by the alleged class. *See Old Town Pizza*, 2012 U.S. Dist. LEXIS 24396, at *14 (App'x No. 11) ("Plaintiff argues the

---

July 21, 2014) (Coleman, J.) (App'x No. 12); *G. Neil Garrett, D.D.S., P.C. v. New Albertson's, Inc.*, No. 13cv7965, 2014 U.S. Dist. LEXIS 71743, at *10 (N.D. Ill. May 27, 2014) (Grady, J.) (App'x No. 13); *Garrett v. Rangle Dental Lab.*, No. 10cv1315, 2010 U.S. Dist. LEXIS 78175, at *2-4 (N.D. Ill. Aug. 3, 2010) (Bucklo, J.) (App'x No. 14).

injury incurred ought to be considered in the aggregate of the alleged class. This argument fails for the ICFA claim . . . .").

In any event, Plaintiff's allegations do not even support the assertion that the injury as aggregated is substantial. As Judge Kapala explained in *Stonecrafters*, "even though neither the number of potential class members nor the actual amount of damages is known at this time," such an allegation is simply "not plausible" because where a plaintiff could not have suffered more than two cents ($0.02) in damages (and even that "may be too generous, given the ordinary cost of paper and toner, especially if the paper is purchased in bulk"), even a thousand people suffering such individual harm would amount to an aggregate harm of only $20. 633 F. Supp. 2d at 617 & n.7.[4] Likewise, in *Urban Elevator*, Judge Shah rejected Plaintiff's counsel's same argument that "'the injuries inflicted upon the class as a whole'" were substantial: "Forty people receiving a one-page fax does not amount to a 'substantial injury,'" and a plaintiff is not "entitled to a reading of [his] allegations [on information and belief of a class exceeding thirty-nine people] so liberal so as to presume a class size large enough to transform an insubstantial injury into a substantial one." 2015 U.S. Dist. LEXIS 149682, at *7-8 (App'x No. 8).[5]

The same is true here. Plaintiff's allegations do not support a plausible inference that he suffered anything more than a few pennies in damages (if that), and even if his allegation of

---

[4] *See also Elm St. Chiropractic*, 871 F. Supp. 2d at 771 ("[E]ven if 5,000 injured parties were identified, their injury would reach the sum of $100—which does not plausibly constitute a substantial injury.").

[5] Judge Kapala noted in *Stonecrafters* that it was "particularly odd" that the plaintiff there alleged that the class consisted of thousands of persons "considering that earlier in the complaint, and adopted by reference into Count III, plaintiff alleged that the class consist[ed] of 'forty or more persons," and questioned whether the plaintiff's allegations of numerosity were "anything more than a 'naked assertion devoid of further factual enhancement.'" 633 F. Supp. 2d at 617 n.6. The same is true here: Plaintiff alleges "[o]n information and belief, the Class consists of more than thirty-nine people," later claiming that "hundreds of persons" were injured for purposes of his ICFA claim. Am. Cmplt. ¶¶ 29, 66

"hundreds" of purported class members is relevant and could be considered, the so-called "substantial injury" would be at most a few dollars. Plaintiff's ICFA claim must be dismissed.

### IV. PLAINTIFF'S CONVERSION CLAIMS AGAINST RELIANT AND ADAM STETTNER SHOULD BE DISMISSED BECAUSE THE COMPLAINT ALLEGES NOTHING MORE THAN A *DE MINIMIS* INJURY.

Plaintiff's claim for conversion is based on the theory that "[b]y sending Plaintiff and the other Class members unsolicited faxes, Defendants improperly and unlawfully converted their fax machines, toner and paper to its own use."[6] Am. Cmplt. ¶ 57. But the loss of a sheet of paper and the toner for printing a fax does not allege harm that is more than "*de minimis*— resulting in damages that are minuscule, and mere inconveniences . . . ." *Elm St. Chiropractic*, 871 F. Supp. 2d at 768. Thus, Plaintiff's conversion claims are barred by the "ancient maxim, *de minimis non curat lex*, 'the law cares not for trifles.'" *Jordan v. Kirk*, No. 11cv5244, 2011 U.S. Dist. LEXIS 115411, at *1 (N.D. Ill. Sept. 30, 2011) (Der-Yeghiayan, J.) (App'x No. 16).

The "venerable maxim" *de minimis non curat lex* "is part of the established background of legal principles against which all enactments are adopted." *Wis. Dep't of Revenue v. William Wrigley, Jr. Co.*, 505 U.S. 214, 231 (1992). The doctrine is used to "denote types of harm, often but not always trivial, for which the courts do not think a legal remedy should be provided" and applies where "the plaintiff has suffered no more than negligible damages from the beginning." *Mitchell v. JCG Indus., Inc.*, 745 F.3d 837, 841 (7th Cir. 2014); *Stonecrafters*, 633 F. Supp. 2d at 615. Indeed, it "'might well have been coined' for the occasion in which a conversion claim is brought based solely on the loss of paper and toner consumed during the generation of a one-

---

[6] Plaintiff premises his conversion claim on the theory that "Defendants also converted Plaintiff's employees' time to their own use." Am. Cmplt. ¶ 57. However, a conversion claim cannot be based on such a theory because "a person's time is not a chattel" that can be the subject of a claim for conversion. *Stonecrafters*, 633 F. Supp. 2d at 613 n.1; *see also Elm St. Chiropractic*, 871 F. Supp. 2d at 768 n.1 (citing *Stonecrafters*); *Stergo*, 681 F. Supp. 2d at 932 (same).

page unsolicited fax advertisement." *Stonecrafters*, 633 F. Supp. 2d at 613 (quoting *Rossario's Fine Jewelry, Inc. v. Paddock Publ'ns, Inc.*, 443 F. Supp. 2d 976, 980 (N.D. Ill. 2006)).

That is the case here—Plaintiff alleges that he received a one-page unsolicited fax. Am. Cmplt. ¶ 17 & Ex. A. Plaintiff therefore cannot have plausibly suffered more than, at most, two cents ($0.02) in damages from the loss of his paper and toner. *See Stonecrafters*, 633 F. Supp. 2d at 617 n.7. "Common sense has a place in adjudication," *JCG Indus.*, 745 F.3d at 842, and common sense makes clear that whatever the precise "minuscule value" of the paper and toner Plaintiff alleges he lost, it is too little to permit Plaintiff's claim to go forward. *See, e.g.*, *Quality Mgmt.*, 2012 U.S. Dist. LEXIS 82794, at *3-8 (App'x No. 10) (dismissing conversion claim); *New Albertson's, Inc.*, 2014 U.S. Dist. LEXIS 71743, at *11-12 (App'x No. 13) (same); *Elm St. Chiropractic*, 871 F. Supp. 2d at 769 (same); *Old Town Pizza*, 2012 U.S. Dist. LEXIS 24396, at *4-11 (App'x No. 11) (same); *Stergo*, 681 F. Supp. 2d at 935 (same); *Rangle Dental*, 2010 U.S. Dist. LEXIS 78175, at *3-4 (App'x No. 14) (same). This Court should follow suit.[7] Plaintiff's claims for conversion against Reliant and Adam Stettner should therefore be dismissed.

## CONCLUSION

For the foregoing reasons, this Court should dismiss with prejudice Plaintiff's TCPA, conversion, and ICFA claims as to both Reliant and Adam Stettner.

---

[7] While some courts in this District that have refused to apply the doctrine of *de minimis non curat lex* to conversion claims similar to the claim asserted here, those courts did so by calculating the harm by (i) aggregating the damage to the class as a whole and (ii) invoking the concept of nominal damages. *See, e.g.*, *Brodsky v. HumanaDental Ins. Co.*, No. 10cv3233, 2011 U.S. Dist. LEXIS 12121, at *19-21 (N.D. Ill. Feb. 8, 2011) (App'x No. 17); *Centerline Equip. Corp. v. Banner Pers. Serv., Inc.*, 545 F. Supp. 2d 768, 782 (N.D. Ill. 2008). The more recent, better reasoned decisions have specifically rejected both justifications. *See, e.g.*, *Stonecrafters*, 633 F. Supp. 2d at 614-15; *Quality Mgmt.*, 2012 U.S. Dist. LEXIS 82794, at *5-8 (App'x No. 10) (disagreeing with and criticizing *Brodksy* and *Centerline*); *Old Town Pizza*, 2012 U.S. Dist. LEXIS 24396, at *8 (App'x No. 11) (same).

Dated: November 18, 2015					Respectfully Submitted,

/s/     *Justin O. Kay*
Justin O. Kay (ARDC No. 6286557)
justin.kay@dbr.com
Bradley J. Andreozzi (ARDC No. 6257334)
bradley.andreozzi@dbr.com
Emily T. Broach (ARDC No. 6305537)
emily.broach@dbr.com
**DRINKER BIDDLE & REATH LLP**
191 North Wacker Drive, Suite 3700
Chicago, IL 60606-1698
Tel:	(312) 569-1000
Fax:	(312) 569-3000

*Counsel for Reliant Services Group, LLC d/b/a Reliant Funding and Adam Stettner*