IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JOSEPH JACKSON, d/b/a )
J&D BUILDERS, )
 )
      Plaintiff, )
 )
      v. ) No. 15 C 3224
 )
RELIANT SERVICES GROUP, LLC )
d/b/a RELIANT FUNDING, et al., )
 )
      Defendants. )

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendants' motion to dismiss. For the reasons stated below, the motion to dismiss is granted in part, and the remaining state law claims are dismissed without prejudice.

## BACKGROUND

Defendant Reliant Services Group d/b/a Reliant Funding (Reliant) is allegedly a loan provider in the business of lending capital to small businesses. Defendant Adam Stettner (Stettner) is allegedly the President and CEO of Reliant. On March 10, 2015, Plaintiff Joseph Jackson d/b/a J&D Builders (Jackson) allegedly received an advertisement from Reliant by fax (Fax). Jackson contends that he did not give

permission to Reliant to send the Fax. Jackson also contends that the Fax did not include an opt-out notice. Jackson includes in his amended complaint claims brought under 47 U.S.C. § 227(b)(1) of the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227 *et seq.* (Count I), conversion claims (Count II), and claims brought under the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1 *et seq.* (Count III). Defendants now move to dismiss all claims.

## LEGAL STANDARD

In ruling on a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6) (Rule 12(b)(6)), the court must draw all reasonable inferences that favor the plaintiff, construe the allegations of the complaint in the light most favorable to the plaintiff, and accept as true all well-pleaded facts and allegations in the complaint. *Appert v. Morgan Stanley Dean Witter, Inc.*, 673 F.3d 609, 622 (7th Cir. 2012); *Thompson v. Ill. Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002). A plaintiff is required to include allegations in the complaint that "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level'" and "if they do not, the plaintiff pleads itself out of court." *E.E.O.C. v. Concentra Health Services, Inc.*, 496 F.3d 773, 776 (7th Cir. 2007)(quoting in part *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007)); *see also Morgan Stanley Dean Witter, Inc.*, 673 F.3d at 622 (stating that "[t]o survive a motion to dismiss, the complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," and that "[a] claim has

facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged")(quoting *Ashcroft v. Iqbal*, 556 U.S. 662 (2009))(internal quotations omitted).

## DISCUSSION

Defendants contend that Jackson has failed to plead facts to suggest that the Fax was an unsolicited advertisement. The TCPA provides that "[i]t shall be unlawful for any person . . . to use any telephone facsimile machine, computer, or other device to send, to a telephone facsimile machine, an unsolicited advertisement, unless– (i) the unsolicited advertisement is from a sender with an established business relationship with the recipient; (ii) the sender obtained the number of the telephone facsimile machine through– (I) the voluntary communication of such number, within the context of such established business relationship, from the recipient of the unsolicited advertisement, or (II) a directory, advertisement, or site on the Internet to which the recipient voluntarily agreed to make available its facsimile number for public distribution . . . ." 47 U.S.C.(b)(C). The TCPA defines the term "unsolicited advertisement" as "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's prior express invitation or permission, in writing or otherwise." 47 U.S.C. § 227.

Although the court cannot at the motion to dismiss stage consider the

assertions by Defendants that Jackson had repeatedly contacted Reliant to discuss loan options during 2013 and 2015 prior to receiving the Fax and voluntarily provided his contact information to Reliant, the court can consider the Fax itself since the Fax was attached as an exhibit to the complaint. Fed. R. Civ. P. 10(c). Jackson alleges in a conclusory fashion that he "did not invite or give permission to anyone to send" the Fax, but the contents of the Fax indicate otherwise. (Compl. Par. 21). It is apparent that the Fax is not a general advertisement to any prospective customer. The Fax is specifically directed from Chris Stout (Stout) at Reliant to Jackson. (Compl. Ex. A). In addition, the Fax indicates that it is being sent after Jackson had "spoke[n] with [Stout] about other working capital uses [Jackson had,] and the programs [he] qualif[ied] for." (Compl. Ex. A). The Fax also includes an account number, which is a further indication that this is not a solicitation sent to the general public that was uninvited as Jackson alleges in a conclusory fashion. (Compl. Ex. A). Jackson does not allege any facts that would suggest that any of the above information in the Fax inaccurately reflects his ongoing business relationship with Reliant. Jackson does not allege facts that suggest that Reliant acquired his phone number in any manner other than during his telephone conversations with Reliant and as part of an established business relationship with Reliant. Nor does Jackson allege any facts to explain his conclusory statement that he "did not invite or give permission to anyone to send" the Fax. As indicated above, Jackson must allege facts that make his claim plausible not just merely a possibility, and Jackson has failed to meet that minimal burden in this case. The court also notes that to the

extent that Jackson alleges that Reliant failed to include an opt-out notice in the Fax, Reliant contends that the notice is not required under the TCPA and Jackson has not contested that point. (Mem. Dis. 7, n.2); (Reply 4, n.5). Therefore, Defendants' motion to dismiss the TCPA claims is granted.

II. Remaining State Law Claims

Having resolved the federal claims in this case, the court must determine whether to continue to exercise supplemental jurisdiction over the remaining state law claims. Jackson asserts only that there is federal question subject matter jurisdiction in this case. (Compl. Par. 14). The court also notes that even if Jackson could show that there is diversity of citizenship, the facts do not suggest that the amount in controversy is met in this case. 28 U.S.C. § 1332(a). Although Jackson is seeking $1,500 in statutory damages for the hardship he incurred as a result of receiving the one-page Fax, the costs associated with the piece of paper and ink toner for the printing of the one-page Fax, and the tying up of a phone line for the fraction of a minute that it would have taken to receive the Fax, do not indicate anything other than minimal costs to Jackson.

Once the federal claims in an action no longer remain, a federal court has discretion to decline to exercise supplemental jurisdiction over any remaining state law claims. *See Wright v. Associated Ins. Cos.*, 29 F.3d 1244, 1251-52 (7th Cir. 1994)(stating that "the general rule is that, when all federal-law claims are dismissed before trial," the pendent claims should be left to the state courts). The Seventh

Circuit has indicated that there is no "'presumption' in favor of relinquishing supplemental jurisdiction. . . ." *Williams Electronics Games, Inc. v. Garrity*, 479 F.3d 904, 906-07 (7th Cir. 2007). The Seventh Circuit has stated that, in exercising its discretion, the court should consider a number of factors, including "the nature of the state law claims at issue, their ease of resolution, and the actual, and avoidable, expenditure of judicial resources. . . ." *Timm v. Mead Corp.*, 32 F.3d 273, 277 (7th Cir. 1994). The court has considered all of the pertinent factors and, as a matter of discretion, the court declines to exercise supplemental jurisdiction over the remaining state law claims. Such claims are therefore dismissed without prejudice.

## CONCLUSION

Based on the foregoing analysis, Defendants' motion to dismiss the TCPA claims is granted, and the remaining state law claims are dismissed without prejudice.

							_____
							Samuel Der-Yeghiayan
							United States District Court Judge

Dated: March 18, 2016